J. A18023/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JONATHAN ROBERT KRESS, | : | No. 1937 MDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, September 29, 2015,
in the Court of Common Pleas of Lycoming County
Criminal Division at No. CP-41-CR-0001990-2008

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND STEVENS,* P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　**FILED SEPTEMBER 09, 2016**

Jonathan Robert Kress appeals, ***pro se***, from the order of September 29, 2015, dismissing his second PCRA[1] petition as untimely.  We affirm.

On December 4, 2008, appellant pleaded guilty to one count each of involuntary deviate sexual intercourse and sexual abuse of children.[2] Appellant engaged in oral and anal intercourse with the 14-year-old victim. A search of appellant's computer following his arrest revealed over 9,000 digital images depicting children engaged in sexual acts.  On April 29,

---

* Former Justice specially assigned to the Superior Court.

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 3123 and 6312, respectively.

2009, appellant was sentenced to 10 to 20 years' incarceration, followed by 7 years of probation. This court affirmed the judgment of sentence on direct appeal, and our supreme court denied *allocatur*. *Commonwealth v. Kress*, 996 A.2d 547 (Pa.Super. 2010) (unpublished memorandum), *appeal denied*, 29 A.3d 372 (Pa. 2011) (*per curiam*).

On December 6, 2012, appellant filed a timely *pro se* PCRA petition. Counsel was appointed, and filed a petition to withdraw as counsel pursuant to the dictates of *Turner/Finley*.[3] Appointed counsel was permitted to withdraw, and on June 17, 2013, the PCRA court dismissed appellant's first petition. On July 9, 2013, appellant filed a *pro se* notice of appeal, and on July 1, 2014, this court affirmed. Our supreme court denied appellant's petition for allowance of appeal on May 11, 2015. *Commonwealth v. Kress*, 105 A.3d 779 (Pa.Super. 2014) (unpublished memorandum), *appeal denied*, 116 A.3d 603 (Pa. 2015) (*per curiam*).

Appellant filed the instant petition, his second, on August 12, 2015. (Docket #57.) Therein, appellant asserted that 42 Pa.C.S.A. § 9718 ("Sentences for offenses against infant persons"), providing for mandatory minimum sentences for certain enumerated offenses committed against children, is unconstitutional and illegal in light of *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding that facts

---

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

that increase mandatory minimum sentences must be submitted to the jury and must be found beyond a reasonable doubt). Under Section 9718(a)(1), appellant was subject to a mandatory minimum sentence of 10 years for IDSI (victim less than 16 years of age). In **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa.Super. 2014), **affirmed**, ___ A.3d ___, 2016 WL 3388530 (Pa. June 20, 2016), this court determined that Section 9718 was facially void. However, recently our supreme court decided that **Alleyne** does not apply retroactively to cases pending on collateral review. **Commonwealth v. Washington**, ___ A.3d ___, 2016 WL 3909088 (Pa. July 19, 2016). **See also Commonwealth v. Riggle**, 119 A.3d 1058 (Pa.Super. 2015) (declining to give **Alleyne** retroactive effect to cases on timely collateral review when the defendant's judgment of sentence was finalized before **Alleyne** was decided); **Commonwealth v. Miller**, 102 A.3d 988 (Pa.Super. 2014) (concluding **Alleyne** does not satisfy the new retroactive constitutional right exception to the PCRA's one-year time bar, 42 Pa.C.S.A. § 9545(b)(1)(iii)). As such, appellant is not entitled to the benefit of **Alleyne**.

Appellant raises a second issue on appeal, that the PCRA statute itself is unconstitutional. As the Commonwealth observes, this issue was not raised in appellant's PCRA petition, nor in his response to Rule 907[4] notice. (Commonwealth's brief at 6.) It is being raised for the first time on appeal.

---

[4] Pa.R.Crim.P. 907(1).

Therefore, it is deemed waived. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011), *appeal denied*, 30 A.3d 487 (Pa. 2011) ("It is well-settled that issues not raised in a PCRA petition cannot be considered on appeal.") (quotation marks and citations omitted); 42 Pa.C.S.A. § 9544(b). Furthermore, the alleged unconstitutionality of the PCRA statute could have been raised in appellant's first PCRA petition and does not constitute an independent exception to the PCRA's jurisdictional one-year time bar.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2016